# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Judge John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2807 | **DATE** | July 15, 2008 |
| **CASE TITLE** | Song v. PIL, LLC | | |

**DOCKET ENTRY TEXT**

Rule 16 conference held in chambers. A status conference will be held on September 3, 2008 at 11:00 a.m. SEE DETAILS BELOW.

■ [ For further details see text below.]

Notices mailed by judge's staff.

00:45

## STATEMENT

Rule 16 conference held in chambers. This is basically a diversity breach of contract case with additional state law claims alleged, based on defendant's conduct in regard to the plaintiff's patented invention which defendants were licensed to sell. Royalties were due and, according to defendants, have been paid as agreed. Plaintiff believes that additional royalties are due on products which are covered by the contract, which defendant denies. Much of the dispute has to do with the technology involved, defendant claiming that the additional products do not incorporate the elements set forth in the patent applications, whereas plaintiff alleges that the additional products involve at least the functional equivalents of those elements.

The parties have not discussed the major points of their dispute to the extent the court thinks would be desirable in an effort to resolve the case. Defendants' response is due today, but that response may be delayed until further order of court. Between now and the status conference which will be held on September 3, 2008 at 11:00 a.m., the parties are requested to negotiate with a view toward reaching agreement as to what the contract covers, or at least reaching a settlement of their dispute about that question. It appears to the court today that the parties have a good faith difference of opinion about the equivalents of various technologies, and it could be that resort to expert assistance would be of use. Also, the parties should research the law that would be applicable to their respective theories.

There are, as indicated above, state law claims which the defendants believe are not well taken and which should be dismissed in any event. That question will also be delayed until the parties have exhausted their efforts to settle prior to September 3, 2008.

The plaintiff believes that he is inadequately informed as to the defendants' earnings on the products involved in the dispute, and the court urges the defendants to provide whatever additional information will be necessary to make the defendant comfortable with the assumption that he has all the relevant information to make an informed judgment as to the possible damages he would recover if he were successful in the lawsuit. Without that information, the court is doubtful that a meaningful settlement effort can be mounted. (The defendants point out that their books were audited by plaintiff and the court believes that the information plaintiff is seeking is probably located within the audit papers. The first thing plaintiff should do is to consult with his auditor and find out what, in the auditor's judgment, is needed in addition to what has already been provided.)