08-2807.101-JCD                                          April 6, 2010

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JIN SONG,                       )
                                )
        Plaintiff,              )
                                )
    v.                          )   No.  08 C 2807
                                )
PIL, L.L.C., and                )
PUBLICATIONS INTERNATIONAL, LTD.,)
                                )
        Defendants.             )

## **MEMORANDUM OPINION**

The court has considered the plaintiff's supplemental motion to compel defendant to produce documents associated with the Poingo, ActivePAD and ActivePOINT products and has decided that the motion should be granted.  When we took the matter under advisement, we were under the impression that the phrase "page activation" used in the relevant portion of the Asset Purchase Agreement ("APA") was a phrase whose meaning was derived from an examination of the relevant patent applications.  However, it turns out that the phrase "page activation" does not appear in the patent applications.  Moreover, we believe that the phrase as used in the APA is ambiguous and that, in fact, other phrases in that same section of the APA, such as "future versions thereof" and "of the type covered under the patent applications," are also ambiguous. Because these phrases are ambiguous, the APA's definition of

"Products" on which royalties were due is ambiguous. We do not agree with defendants that the definition of "Products" is unambiguous or that Poingo, ActivePAD and ActivePOINT are clearly excluded from the definition (the latter question will be an issue for the jury), and we will not deny plaintiff's right to discovery concerning these products. Defendants point out that the APA contains an integration clause and argue that when a contract contains such a clause, extrinsic evidence may not be used to "create" ambiguity in an otherwise unambiguous contract. But no extrinsic evidence creates ambiguity here; the ambiguities we have mentioned are apparent on the face of the APA. And Illinois law (which applies to the APA) provides that "even when a contract is integrated on its face, if the contract is ambiguous, as a matter of law, then extrinsic and parol evidence is admissible to explain the terms of the ambiguous contract." Sunstream Jet Express, Inc. v. International Air Serv., Co., 734 F.2d 1258, 1266 (7th Cir. 1984) (internal quotation marks omitted).

Our ruling that the APA is ambiguous has a further consequence: defendants' motion for summary judgment, based on its contention that My First Story Reader clearly is not a "Product" as defined by the APA, must be denied. The thrust of defendants' motion is that My First Story Reader does not use conductivity "of the type covered under the patent applications." Defendants offer their own interpretation of this phrase, and they present an

extensive argument on the construction of the claims in the patent applications. But the real issue is one of <u>contract</u> interpretation, not <u>patent</u> interpretation: what did the parties intend for the phrase (and the other ambiguous phrases) to mean at the time they entered into the APA? Defendants' post-hoc analysis of the patent applications, which is premised on the conclusion that the contract language is unambiguous, misses the mark.

Plaintiff has filed a cross-motion for summary judgment regarding My First Story Reader, seeking a holding that it is a royalty-bearing product under the APA as a matter of law. Although plaintiff correctly contends that the APA is ambiguous, he fails to recognize that interpretation of the contract is a question of fact that will be resolved by using extrinsic evidence of the parties' contractual intent. Accordingly, plaintiff's motion for summary judgment will also be denied.

## **CONCLUSION**

Plaintiff's supplemental motion to compel discovery relating to the Poingo, ActivePAD, and ActivePOINT products [125] is granted. Defendants' motion for summary judgment [117] and plaintiff's cross-motion for partial summary judgment [166] are denied.

- 4 -

DATE:       April 6, 2010

ENTER:      _____
            John F. Grady, United States District Judge