08-2807.103-JCD                                          April 14, 2010

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JIN SONG,                          )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    No. 08 C 2807
                                   )
PIL, L.L.C., and                   )
PUBLICATIONS INTERNATIONAL, LTD.,  )
                                   )
        Defendants.                )

## MEMORANDUM OPINION

Before the court is defendants' motion to dismiss Count II of the Third Amended Complaint. In Count II, plaintiff alleges that defendants have falsely marked their My First Story Reader, ActivePAD, ActivePOINT, and Poingo products with the phrase "Patents Pending," in violation of 35 U.S.C. § 292. The statute provides that a person may bring a civil action against, in pertinent part, "[w]hoever marks upon . . . any article, the words "patent applied for," "patent pending," or any word importing that an application for patent has been made, when no application for patent has been made, or if made, is not pending, for the purpose of deceiving the public." 35 U.S.C. § 292(a).[1]

---

[1] Violators "[s]hall be fined not more than $500 for every . . . offense." 35 U.S.C. § 292(a). "Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States." 35 U.S.C. § 292(b).

The parties agree that in order to adequately plead false marking, plaintiff must allege that defendants marked their products with the phrase "Patent Pending"; that no application for a patent or patents had been made or was pending; and that defendants acted with purpose of deceiving the public.

Defendants first contend that plaintiff fails to adequately plead that the products are "marked." The argument is nonsensical, and it is prudently abandoned in the reply brief. The Third Amended Complaint clearly alleges that each of the products at issue was marked with the phrase "Patents Pending." (Third Am. Compl. ¶¶ 63, 76.)

Defendants' next argument is that plaintiff fails to plead that no application for a patent or patents had been made or was pending. The relevant allegations are as follows:

> 67. At least for the reasons set forth herein, and/or for reasons which will be later evidenced, Defendants cannot have any reasonable belief that the My First Story Reader product is the subject of any known patent applications.
> . . .
> 76. On information and belief, Defendants' Poingo, ActivePAD and ActivePOINT products, likewise, have been falsely marked by Defendants as having "Patents Pending," with an intent to deceive the public, in violation of 35 U.S.C. § 292.

(Id. ¶¶ 67, 76.) Although plaintiff is correct that he need not use "magic words" in his complaint to survive a motion to dismiss, there are not many ways to allege that a patent application

covering a product was not made or pending, and the words that plaintiff has chosen fall short of doing so.

Defendants also argue that plaintiff fails to plead that they acted with the intent to deceive the public. The parties disagree on whether claims under § 292 are subject to the heightened-pleading requirements of Federal Rule of Civil Procedure 9(b). Courts are split on this issue,[2] but we need not resolve it because plaintiff has failed to plead intent to deceive even under the liberal notice-pleading standard of Federal Rule of Civil Procedure 8(a). Pursuant to that standard, a complaint need not contain "detailed factual allegations," but it must have more than mere "labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obligated to provide the factual grounds of his entitlement to relief, and a "formulaic recitation" of the elements of a claim will not do. Id. The complaint must contain sufficient facts to raise a plaintiff's right to relief above a "speculative" level, id. at 555, and the claim must be "plausible on its face," id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[2] Compare, e.g., Third Party Verification, Inc. v. Signaturelink, Inc., 492 F. Supp. 2d 1314, 1327 (M.D. Fla. 2007) (holding that Rule 9's level of pleading is not required for false-marking claims) with Juniper Networks v. Shipley, No. C 09-0696 SBA, 2009 WL 1381873, at *4 (N.D. Cal. May 14, 2009) (holding that false-marking claims are fraud-based and therefore subject to Rule 9's pleading requirements).

liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

Plaintiff maintains that his allegations pertaining to the deposition testimony of Rocky Wu support a reasonable inference that defendants knew that no patent applications were pending regarding My First Story Reader at the time they were falsely marking the product. We disagree. The allegations are as follows:

> 65. Defendants' Executive Vice-President of Business Development, Rocky Wu, who is also the former Vice-President of Purchasing and Manufacturing, admitted during deposition testimony that Defendants have filed no patent applications on the My First Story Reader product.
>
> 66. Defendants' Executive Vice-President of Business Development, Rocky Wu, who is also the former Vice-President of Purchasing and Manufacturing, admitted during deposition testimony that he would be aware of any patent applications filed for the My First Story Reader product.

(Third Am. Compl. ¶¶ 65-66.) These allegations do not support a reasonable inference that defendants had the requisite intent to deceive. An acknowledgment that defendants had filed no patent applications is not equivalent to an acknowledgment that no patent applications at all had been made or were pending. In any event, such a statement would not support a reasonable inference that defendants intended to deceive the public.

But wait--I can allege more than that, plaintiff says, asserting additional facts in his brief (as he is permitted to do, see Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000) ("[A] plaintiff may supplement the complaint with factual narration

in an affidavit or brief. If the extra assertions make out a claim, then the complaint stands.")). Plaintiff's additional assertions are somewhat problematic because they are rambling and intermingled with arguments and conclusions. As to My First Story Reader, we can distill a few facts from plaintiff's discussion: (1) defendants sent a letter to plaintiff before this suit was filed stating that they did not believe that the system used for My First Story Reader fell within the scope of the patent applications listed in Schedule 1.1.2 of the Asset Purchase Agreement; (2) one of defendants' employees sent an internal e-mail stating that certain technology used in My First Story was "outside of the patent"; and (3) another of defendants' employees sent an internal e-mail stating that certain technology used in My First Story Reader was "totally different from" magnetic switches used in the original Story Reader, and "different from any of the claims the original patent has had." From these facts, plaintiff argues that "it is clear that Defendants' position both before and during the course of this litigation has been that the My First Story Reader is unpatented and not the subject of any patent applications." (Pl.'s Resp. at 8.) In the court's view, this conclusion simply does not follow from these statements. As for ActivePAD, ActivePOINT, and Poingo, plaintiff asserts that defendants have characterized certain technology used in these products as "old technology" but have taken positions in this litigation that

plaintiff deems inconsistent, and thus it can be reasonably inferred that defendants had deceptive intent in marking the products.  We do not believe that these allegations reasonably support this inference, either.

Because plaintiff has failed to adequately allege that no patent application was made or pending and that defendants had the requisite intent to deceive the public, his claim for false marking will be dismissed.  In light of this ruling, we need not address defendants' alternative request that certain portions of the Third Amended Complaint be stricken.

## CONCLUSION

For the reasons explained above, defendants' motion to dismiss Count II of the Third Amended Complaint [162] is granted.

DATE: April 14, 2010

ENTER: _____
John F. Grady, United States District Judge